072015Lf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DONALD G. WIDENER, Petitioner, vs. GAIL HUCKINS, Respondent. | No. 15 cv 21 EJM<br><br>ORDER |

This matter is before the court on Respondent's unresisted motion to dismiss, filed June 30, 2015. Dismissed.

Respondent moves pursuant to 28 U.S.C. § 2254, Rules 4 and 5 of the Rules Governing §2254 cases, and F.R.Civ.P 12(b)(6), to dismiss the Petition, because (1) the sole ground of the Petition, a two-year additional parole requirement, is unexhausted because Petitioner did not present it to the state courts as a federal claim, and (2) the statute of limitations. Jurisdiction under 28 U.S.C. §1331.

The facts of this case are that on May 18, 2006, the State of Iowa charged Petitioner Donald Widener with three crimes: (1) lascivious acts with a child, Iowa Code §709.8(2), (2) third degree sexual abuse, I.C.§709.1 and 709.4(2)(b), and (3) a second count of third degree sexual abuse. Petitioner pleaded guilty to these three counts. The state court sentenced him to consecutive terms of imprisonment for a total not to exceed twenty-five years.

1

In 2010, Petitioner asserted in a motion for clarification of sentence that his counsel misinformed him about his parole eligibility. The state court held a hearing on the motion and ruled against Petitioner. Petitioner filed an appeal but then dismissed it.

Petitioner did not present his claim in his state court trial or appeal. As such, it is unexhausted and procedurally defaulted. 28 U.S.C. 2254(b); <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1021 (8th Cir. 2003.) Accordingly, the court need not address the statute of limitations claim.

It is therefore

ORDERED

Dismissed.

July 20, 2015

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT